**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BYRON SALTER,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | CIVIL ACTION<br>FILE NO.:_______<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Byron Salter ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Experian Information Solutions, Inc. ("Defendant") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorney's fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2. Plaintiff had an auto loan ("Account") for his ex-wife's vehicle with Prestige Financial Services, Inc. ("Prestige"). Prestige reported the Account to one or more of the national credit bureaus, including Defendant.

3. Plaintiff paid off the balance in full through a combination of voluntary payments and through Prestige filing a garnishment case against him and garnishing his wages.

4. After Plaintiff had satisfied the balance with Prestige as a result of the garnishment, Prestige continued to report the full balance to Defendant, a consumer reporting agency, to be included in Defendant's credit file on Plaintiff.

5. Defendant inaccurately reported the Account as unpaid and with a balance of over $17,000.00, even after the Account had been paid and fully satisfied via the state court garnishment case.

6. Plaintiff disputed the Account with Defendant and advised Defendant that it was reporting the Account inaccurately and that he did not owe the balance being reported. Defendant received Plaintiff's disputes of the Account and failed to follow reasonable procedures in its reinvestigation of the disputes. Defendant's actions, and inactions, violated the FCRA.

7. As set forth below, Plaintiff suffered concrete harm because of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

8. At all times material to this action, Plaintiff was a resident of the State of Georgia and this district and division.

9. At all times material to this action, Defendant was a foreign for-profit corporation which has a principal place of business in the State of California. Defendant regularly does business in Georgia and in this District and Division.

10. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046.

11. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

12. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(1).

13. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

14. Plaintiff lives in this District and Division. In 2018, Plaintiff and his ex-wife opened an auto loan with Prestige.

15. Plaintiff fell behind on payments but eventually paid off the remaining balance through a combination of voluntary payments and wage garnishments through a garnishment case filed by Prestige against Plaintiff in the State Court of Gwinnett County under case no. 25-GC-4971 (the "Garnishment Proceeding"). Prestige was represented by its counsel, Rogers Law Office/Beth E. Rogers ("Rogers"), in the Garnishment Proceeding.

16. Prestige reported the Account to Defendant to be included in Plaintiff's credit file with Defendant. Defendant included the Account in Plaintiff's credit file.

17. On or about May 14, 2026, Plaintiff received notice from the State Court of Gwinnett County informing him that the Garnishment Proceeding had been released. At that time, the Account had been fully paid. Upon information and belief, the state court sent the garnished funds to Rogers as counsel for Prestige.

18. Following satisfaction of the Account through the Garnishment Proceeding, Prestige continued to inaccurately report to Defendant that the Account was not paid and that Plaintiff owed a balance of $17,889.00 when Plaintiff did not owe this amount. Defendant included the inaccurate information about the Account in Plaintiff's credit file with Defendant.

19. Within the two years preceding the filing of this Complaint, when Plaintiff learned that Defendant was reporting the false and inaccurate Account on his credit reports, he disputed the Account with Defendant and advised it that he did not owe any balance. Plaintiff provided Defendant with the state court garnishment order, pay stubs, and the release of garnishment.

20. Upon information and belief, Defendant conveyed Plaintiff's disputes (with the enclosures/attachments) to Prestige, and Prestige received such disputes

from Defendant. Upon information and belief, Defendant did not contact the state court as part of its investigations into Plaintiff's disputes of the Account. Defendant did not contact Plaintiff as part of its investigation of his disputes of the Account other than to inform him of its results. Defendant did not correct its inaccurate reporting of the Account as a result of Plaintiff's disputes. Defendant's investigations of such disputes were unreasonable.

21. Defendant continued to report the false and inaccurate Account on Plaintiff's credit file, despite receiving information proving that the Account had been paid through the Garnishment Proceeding. Upon information and belief, Defendant's only investigation consisted of contacting Prestige, and Defendant did not contact Plaintiff, Rogers, and/or review the court records related to the garnishment before it completed its investigation.

22. Defendant violated the FCRA in its handling of Plaintiff's disputes.

23. Defendant failed to conduct a reasonable investigation of Plaintiff's disputes. Defendant did not contact Plaintiff before it completed its investigation. Upon information and belief, Defendant only contacted Prestige and no other third parties as part of its investigation, including the court in which the garnishment action was filed.

24. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of emotional distress from having a false and inaccurate

account on his file that did not belong to him; time and effort to review his credit reports maintained by Defendant and dispute the Account with it; postage costs to dispute the Account with Defendant; loss of sleep from knowing the Defendant was reporting the inaccurate and false Account about him and would not delete it even when he enclosed all the relevant documents proving the Account had been fully paid; inability to apply for a mortgage to purchase a house; and other damages to be shown at trial.

25. Plaintiff was required to retain counsel to bring this case in order to correct his credit file and obtain redress for Defendant's violations.

## COUNT ONE:
## Defendant's Violations of the FCRA

26. At all times relevant hereto, Defendant was a consumer reporting agency under the FCRA.

27. Defendant violated Section 1681i(a) of the FCRA when it failed to properly reinvestigate Plaintiff's dispute of the Account. Defendant is liable to Plaintiff under Sections 1681n and 1681o of the FCRA for its reckless and negligent violations of the FCRA. Defendant did not undertake reasonable reinvestigation of Plaintiff's dispute of the Account and did not consider all relevant information provided. Defendant did not delete the Account upon receipt of Plaintiff's court garnishment order, paystubs, or release of garnishment.

28. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 24 above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**TRIAL BY JURY IS DEMANDED.**

Plaintiff requests a jury trial on all claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorney's fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated: October 15, 2026.

Respectfully submitted,

*/s/ John A. Love*
John A. Love
Georgia Bar No.: 459155
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Tel: (404) 855-3600
Fax: (404) 301-2300
tlove@loveconsumerlaw.com

*Counsel for Plaintiff*